S99Y0806. IN THE MATTER OF STEPHANIE DELPHINE BLAIR.
(518 SE2d 110)

PER CURIAM.

This disciplinary matter is before the Court on the special master's recommendation that Respondent Stephanie Delphine Blair be disbarred for violating Standards 4 (lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation); 22 (lawyer shall not withdraw from employment until she has taken reasonable steps to avoid foreseeable prejudice to the rights of her client and delivered all papers and property to which the client is entitled); 44 (lawyer shall not wilfully abandon or disregard a legal matter entrusted to her); and 68 (failure to respond to disciplinary authorities) of Bar Rule 4-102 (d). The State Bar filed Formal Complaints against Blair arising out of two grievances, both of which Blair failed to answer. The State Bar filed Motions for Default, which the special master granted, finding the facts alleged and the violations charged deemed admitted under Bar Rule 4-212 (a).

In one case Blair was retained to file a complaint on behalf of her client, which she attempted to file by facsimile. When the county court clerk advised Blair it could not accept faxed filings, she never correctly filed the complaint, but falsely told her client she had done so. Consequently, the statute of limitations expired on the client's claim. In the other case, Blair agreed to represent and protect the interests of two clients in a probate matter. Blair never took any

action in that regard, however, and falsely told her clients she was only waiting for notice of a court date. Due to her failure to respond to disciplinary authorities, Blair was suspended from the practice of law on June 5, 1998 (S98Y1366).

We agree with the special master that, by virtue of her default and deemed admissions, Blair has violated Standards 4, 22, 44 and 68 of Bar Rule 4-102 (d). While violations of Standards 22 and 68 are punishable only by a public reprimand, violations of Standards 4 and 44 are punishable by disbarment. We agree with the special master that, although Blair has relative inexperience in the practice of law (having been admitted to practice in 1992), her multiple offenses and obstruction of the disciplinary process by failing to comply with the rules or orders of the disciplinary agency mandate disbarment as the appropriate sanction in this case.

Accordingly, Stephanie Delphine Blair is hereby disbarred from the practice of law in the State of Georgia. She is reminded of her duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED MAY 3, 1999.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar,* for State Bar of Georgia.